**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000670**
**18-MAR-2019**
**09:10 AM**

NO. CAAP-17-0000670

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JONATHAN P. BAYRON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-16-0003515)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Jonathan P. Bayron (Bayron) appeals from the Notice of Entry of Judgment and/or Order, entered on February 22, 2017,[1] and Notice of Entry of Judgment and/or Order, entered on July 21, 2017,[2] in the District Court of the First Circuit, Honolulu Division (District Court).

Bayron was convicted of Assault in the Third Degree as a misdemeanor, a violation of Hawaii Revised Statutes (HRS) §707-712(1)(a) (2014).[3]

---

[1] The Honorable Lanson K. Kupau presided.

[2] The Honorable James S. Kawashima presided.

[3] HRS § 707-712 states:

**§707-712 Assault in the third degree.** (1) A person commits the offense of assault in the third degree if the person:

   (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

   (b) Negligently causes bodily injury to another person with a dangerous instrument.

(continued...)

On appeal, Bayron claims (1) he did not knowingly, intelligently, and voluntarily waive his right to a jury trial because the District Court's colloquy was insufficient, (2) there was insufficient evidence to convict him of Assault in the Third Degree because the State failed to present substantial evidence to negate self-defense, and (3) he should not have been convicted of a misdemeanor because the evidence proved he engaged in a mutual affray.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bayron's points of error as follows:

(1) Bayron failed to carry his burden to demonstrate that his jury trial waiver was involuntary. The validity of a criminal defendant's waiver of the right to a jury trial is a question of constitutional law, which is reviewed under the right/wrong standard. State v. Friedman, 93 Hawai'i 63, 67, 996 P.2d 268, 272 (2000). "A waiver is the knowing, intelligent, and voluntary relinquishment of a known right." Id. at 68, 996 P.2d at 273. "[W]hether a waiver was voluntarily and intelligently undertaken, this court will look to the totality of facts and circumstances of each particular case." Id. at 68-69, 996 P.2d at 273-74 (quoting State v. Vares, 71 Haw. 617, 621, 801 P.2d 555, 557-58 (1990)). "Where it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary." Id. at 69, 996 P.2d at 274 (citing State v. Ibuos, 75 Haw. 118, 121, 857 P.2d 576, 578 (1993)). While a colloquy between the court and the defendant is encouraged, it is not constitutionally required in every case. State v. Krstoth, 138 Hawai'i 268, 275, 378 P.3d 984, 991 (2016); State v. Gomez-Lobato, 130 Hawai'i 465, 470, 312 P.3d 897, 902 (2013).

---

[3](...continued)
       (2)  Assault in the third degree is a misdemeanor
    unless committed in a fight or scuffle entered into by
    mutual consent, in which case it is a petty misdemeanor.

Bayron signed a Waiver of Jury Trial form that waived his right to a jury trial and admits the District Court inquired whether Bayron signed the form, reviewed the form with his attorney, and whether his attorney explained what a jury trial was to him. The form contained all four aspects of the Duarte-Higareda[4] suggested advisory and contained the signed certification of his attorney that the form was explained to Bayron. He also admits he responded "right," when the District Court questioned whether he knew a jury trial is where you have an opportunity to help select 12 people from the community, the State needed to prove its case beyond a reasonable doubt to all 12 jurors, and all 12 jurors must agree before finding him guilty. Therefore, it appears from the record that Bayron voluntarily waived his right to a jury trial and, thus, he has the burden to demonstrate by a preponderance of the evidence that his waiver was involuntary.

Bayron claims the colloquy was insufficient because the District Court

> did not present the concept of a jury trial into logical segments to ensure Bayron understood his right to a jury trial. Instead the [District Court] merely read an abbreviated advisement without engaging Bayron in any dialogue after each segment was covered or pausing to ensure Bayron comprehended each aspect of the jury trial.

Bayron also contends "the [District Court's] questions were not sufficient to establish that Bayron knowingly, voluntarily, an intelligently waived his right to a jury trial." Bayron argues asking questions that require a yes or no response does not enable the court to accurately assess whether a jury trial waiver is knowing, intelligent, and voluntary.

In the case of the colloquy/advisement required before a defendant may waive his right to testify in his own defense, this court addressed whether it was improper to aggregate the elements of the colloquy required in Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995). State v. Macaso, 138 Hawai'i

---

[4] "The district court should inform the defendant that (1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." United States v. Duarte-Higareda, 113 F.3d 1000, 1002 (9th Cir. 1997).

51, 375 P.3d 1289 No. CAAP-15-0000198, 2016 WL 2941071 at *4-5 (Haw. Ct. App. Apr. 13, 2016) (mem.). Citing State v. Han, 130 Hawai'i 83, 90-91, 306 P.3d 128, 135-36 (2013), we held that "stopping after each right of the Tachibana advisement to determine whether the defendant understands that right is not a per se requirement for an adequate Tachibana colloquy." Macaso, 2016 WL 2941071, at *4. Thus, stopping and addressing Bayron after stating each component of a jury trial is not the only way to obtain a valid waiver.

Bayron generally claims that the District Court's questions were not sufficient to establish his waiver was knowing, intelligent, and voluntary, but does not state what additional questions the District Court should have asked nor cite any authority as to why the questions asked were insufficient to conclude Bayron knowingly, intelligently, and voluntarily waived his right to a jury trial. Obtaining an affirmative or negative response can satisfy the colloquy requirement as long as the District Court is able to ascertain whether a defendant understands the right he/she is waiving. Bayron points to no other alleged deficiency in the colloquy. The record reflects that Bayron had a high school education and no difficulty understanding the English language. Therefore, Bayron fails to demonstrate his jury trial waiver was involuntary.

(2) There was sufficient evidence to negate Bayron's claim of self defense, a justification defense under HRS §§ 703-301 (2014) and 703-304 (2014). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992). The complaining witness (CW) testified that after he told Bayron and his brother to move their vehicle parked in another tenant's stall, they swore at him and refused to move. Bayron then hit the CW in the right temple above his ear which caused pain. Bayron next threw the CW to the ground and tried to stomp on him. Although Bayron claimed the CW was the first aggressor and hit

4

him first, the "prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case." State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996).

(3)  When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation omitted), there was sufficient evidence to convict Bayron of Assault in the Third Degree as a misdemeanor.

Assault in the Third Degree is a misdemeanor, but is reduced to a petty misdemeanor if the harm is inflicted in a fight or scuffle entered into by mutual consent.  HRS § 707-712(2); State v. Kikuta, 125 Hawai'i 78, 95-96, 253 P.3d 639, 656-57 (2011).  Mutual affray under HRS § 707-712(2) is not a lesser included offense of Assault in the Third Degree, but rather, a mitigating defense to Misdemeanor Assault in the Third Degree.  Kikuta, 125 Hawai'i at 95, 253 P.3d at 656.

As stated above, the CW testified that after he asked Bayron and his brother to move their parked vehicle from another tenant's stall, Bayron swore at him and then hit him in the head, which caused pain.  Bayron then threw him to the ground and attempted to stomp on the CW.  In response, the CW got up and threw a couple of punches to keep Bayron away because Bayron was coming forward.  The District Court found the CW credible.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citations, internal quotation marks, and brackets omitted).

Bayron argues the CW consented or agreed to a fight or scuffle by initially confronting Bayron, and could have remained on the ground, walked away from the situation, or attempted to resolve the dispute without violence, instead of throwing punches.  Nothing about the initial encounter indicated the CW agreed or consented to a fight or scuffle by confronting Bayron about parking in another tenant's stall.  The CW testified that after he was thrown to the ground, Bayron moved forward to stomp

on him so he moved out of the way and stood up. Thus, when the CW stood up to avoid being stomped, it did not indicate an agreement or consent to a fight or scuffle. The CW also stated he threw punches to keep Bayron away from him after Bayron advanced toward him again. It does not appear the CW had an opportunity to walk away and resolve the dispute without violence when Bayron advanced toward the CW again after he stood up. Furthermore, the CW attempted to defend himself against further harm by throwing punches. None of the CW's actions indicate an agreement or consent to enter into a fight or scuffle. Bayron intentionally, knowingly, or recklessly caused bodily injury[5] to the CW by punching him in the head, which caused pain, and the act was not committed in a fight or scuffle entered into by mutual consent. Therefore, there was sufficient evidence to convict Bayron of Assault in the Third Degree as a misdemeanor.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on February 22, 2017 and Notice of Entry of Judgment and/or Order, entered on July 21, 2017, in the District Court of the First Circuit, Honolulu Division , are affirmed.

DATED: Honolulu, Hawai'i, March 18, 2019.

On the briefs:

Jacqueline R. Ma'ele,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[5] HRS § 707-700 (2014) defines bodily injury as "physical pain, illness, or any impairment of physical condition."